UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-cv-00003-LLK

CHARLES M. MANLEY                                                                    PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42

U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Disability Insurance Benefits

under Title II of the Social Security Act.  The fact and law summaries of Plaintiff and the Commissioner are

at Doc. 19 and Doc. 25.  The parties have consented to the jurisdiction of the undersigned Magistrate

Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [Doc. 15].

Plaintiff's sole argument is that the ALJ erred in not listing, among his severe impairments, cervical

impairment (neck pain).  Because the argument is unpersuasive and the Administrative Law Judge's (ALJ's)

decision is supported by substantial evidence, this Opinion will AFFIRM the Commissioner's final decision

and DISMISS Plaintiff's complaint.

### The ALJ's decision

In his January 13, 2020 decision, the ALJ concluded that Plaintiff was not disabled through

December 31, 2017, when he was last insured for Title II benefits.  [Administrative Record, Doc. 14 at 29].

In support, the ALJ followed the 5-step sequential evaluation process, which applies in all Social Security

disability cases.  First, the ALJ found that Plaintiff did not engage in substantial gainful activity during the

relevant period from March 3, 2016, when he alleges that he became disabled, until December 31, 2017,

when his insured status expired.  *Id.* at 18.  Second, the ALJ found that Plaintiff suffered from the following

severe, or vocationally significant, impairments:   obstructive sleep apnea; asthma; sinus disorder;

hypertension; obesity; degenerative disc disease; status-post left shoulder fracture with adhesive

capsulitis; left shoulder fracture with acromioclavicular joint arthritis and subacromial bursitis; left humeral fracture; depression; migraine headaches; and vision impairment, including macular degeneration. *Id.* at 19. Third, the ALJ found that Plaintiff's impairments did not satisfy the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.*

As in any case that advances beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found that, notwithstanding his severe physical impairments, Plaintiff could:

> … perform sedentary work as defined in 20 CFR 404.1567(a) except no use of foot controls bilaterally … could frequently operate hand controls with the non-dominant left upper extremity … could never balance on narrow, slippery, wet, or erratically moving surfaces or uneven terrain … could frequently handle, finger, and feel with the non-dominant left upper extremity … could perform frequent lateral reaching with the non-dominant left upper extremity … could never reach overhead with the non-dominant left upper extremity … needed to avoid all exposure to bright lights, described as spotlights or headlights … was limited to indoor work only … could have occasional exposure to fumes, odors, dusts, gasses, and poor ventilation … needed to avoid all exposure to extreme cold, humidity, vibration, and hazards (unprotected heights and dangerous machinery).

[Doc. 14 at 22]. The ALJ found that, due to his vision impairment, including macular degeneration, Plaintiff was "limited to frequent near and far visual acuity." *Id.* The ALJ found that, due to his depression, Plaintiff was limited to:

> simple, routine work … could have no production paced or quota-driven work … could have occasional interaction with the general public, and frequent interaction with coworkers and supervisors … [c]hanges needed to be slowly and gradually introduced."

*Id.*

Fourth, the ALJ found that Plaintiff was unable to perform any past relevant work. *Id.* at 27. Fifth, the ALJ found that Plaintiff retained the ability to perform a significant number of unskilled, sedentary jobs in the national economy. *Id.* at 28-29.

**The ALJ's not listing, among Plaintiff's severe impairments, cervical impairment (neck pain) was, at worst, harmless error.**

As indicated above, the issue before the ALJ was Plaintiff's disability status from March 3, 2016, when he alleges that he became disabled, through December 31, 2017, when his insured status expired.

Before the relevant time frame identified above, Plaintiff's neck pain seems to have gotten worse and then gotten better.  He testified that he began having neck pain in 2013.  [Doc. 14 at 49-50].  In August 2015, he began seeing a chiropractor, Derek Oldenkamp, D.C., for low back pain, shoulder pain, and neck pain, and he rated his neck pain as 5 out of 10.  *Id.* at 381.  In February 2016, he told the chiropractor that that "he is having less pain in his neck," which he rated as 6 out of 10.  *Id.* at 384.

During the relevant time frame, Plaintiff's neck pain (again) seems to have gotten worse and then gotten better.  On February 3, 2017, he told the chiropractor that his neck pain was 9 out of 10.  *Id.* at 388.  On March 7, 2017, pain management noted that he was experiencing "chronic posterior off and on neck pain."  *Id.* at 436.  In April 2017, the chiropractor noted that Plaintiff "stated that there has been a marked degree of improvement in his neck pain," which he rated as 6 out of 10.  *Id.* at 388.

After the relevant time frame, Plaintiff's neck pain seems to have gotten worse.  In January 2018, he reported constant neck pain, and pain management diagnosed cervicalgia.[1]  *Id.* at 406, 411.  A November 2018 cervical spine x-ray showed "loss of lordosis" and "degenerative changes particularly C5-6."  *Id.* at 1284.

As indicated above, the ALJ found that Plaintiff suffers from severe, or vocationally significant, degenerative disc disease (among other impairments) but did not specifically list cervical impairment among Plaintiff's severe impairments.  [Doc. 14 at 19].  In determining Plaintiff's residual functional capacity (RFC), however, the ALJ noted that, in February 2016 (the month before the relevant time frame), Plaintiff was having less pain in his neck (6/10) and that, in April 2017 (toward the end of the relevant time frame), he experienced a marked improvement in his neck pain (6/10).  *Id.* at 24 referencing 384, 388.

Plaintiff argues that the ALJ erred in not listing, among his severe impairments, cervical impairment.  [Doc. 19 at PageID.1425-28].  The argument is unpersuasive for three reasons.

---

[1] Cervicalgia is back pain that occurs toward the rear or the side of the cervical (upper) spinal vertebrae.  *Webster v. Comm'r*, No. 3:18-CV-00045, 2019 WL 1065152, at *6 (M.D. Tenn. Feb. 19, 2019).  It generally is felt as discomfort or a sharp pain in the neck, upper back, or shoulders.  *Id.*

First, associated with the second / "severity" step of the sequential evaluation process is the requirement that any severe impairment satisfy the so-called duration requirement, i.e., it "can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  As detailed above, both before and during the relevant time frame, Plaintiff's neck pain seems to have gotten worse and then gotten better.  There was no indication (as of the December 31, 2017 date last insured) that Plaintiff's cervical impairment satisfied the duration requirement.

Second, like Plaintiff, the plaintiff in *Maziarz v. Secretary* alleged that the ALJ erred in not finding that he suffers from a severe cervical impairment.  *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240 (6th Cir. 1987).  In both cases, the ALJs "continued with the remaining steps in his disability determination."  *Id.* at 244.  "Since the [ALJs] properly could [and did] consider claimant's cervical condition in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, … [any] failure to find that claimant's cervical condition constituted a severe impairment could not constitute reversible error."  *Id.*

Third, any error was harmless because Plaintiff "has not cited any opinion evidence in the record that demonstrates these additional purportedly severe impairments caused any further functional limitations."  *Miller v. Comm'r*, No. 1:19-CV-00111-HBB, 2020 WL 1963971, * at 4 (W.D. Ky. Apr. 23, 2020).

**Order**

Plaintiff's sole argument is that the ALJ erred in not listing, among his severe impairments, cervical impairment.  Because the argument is unpersuasive and the ALJ's decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

 March 23, 2022

**Lanny King, Magistrate Judge**
**United States District Court**

4